UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Palmer Williams III,<br><br>      Plaintiff(s),<br>vs.<br><br>Gregory Mallet, *in his individual capacity as a Miami-Dade Police Department Officer*, Jorge Prince Jr., *in his individual capacity as a Miami-Dade Police Department Officer*,<br><br>      Defendant(s). | Case No. |

## Complaint

Plaintiff, Palmer Williams III, brings this civil action against Defendants, Gregory Mallet, in his individual capacity as a Miami-Dade Police Department Officer, and Jorge Prince Jr., in his individual capacity as a Miami-Dade Police Department Officer, and alleges that Defendants violated Plaintiff's rights and injured Plaintiff. Plaintiff alleges the following:

### 1. Common Allegations of Fact

### 1.1. Introduction, Jurisdiction, and Venue

1. This is an action for damages and attorney's fees arising under 42 U.S.C. §§ 1983 and 1988.

2. This action alleges violations of the United States Constitution, including violations of the Fourth and Fourteenth Amendments.

3. This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and 28 U.S.C. §§ 1331, *et. seq.*

4. Venue is proper pursuant to 28 U.S.C. § 1391 and S.D. Fla. Loc. R. 3.1.

5. The acts, omissions, and practices described in this complaint occurred within the jurisdiction of the United States District Court in and for the Southern District of Florida.

6. Plaintiff, seeks an award of compensatory damages, costs and expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is as alleged pursuant to 42 U.S.C. § 1988. Plaintiff also seeks an award of punitive damages against Defendants for their reckless and/or callous indifference to the clearly established constitutional rights of Plaintiff.

7. At all times material hereto, the acts, omissions, practices and the other conduct of Defendants were committed under the color of state or local law.

8. At all times material hereto, the acts and omissions of Defendants were committed within the course and scope of their employment as Miami-Dade Police Department Officers.

9. Plaintiff has complied with any and all conditions precedent necessary to bring this action.

## 1.2. Parties

10. At all times material hereto, Plaintiff Palmer Williams III, (hereinafter "Plaintiff") was a resident of Homestead and a citizen of the State of Florida.

11. At all times material hereto, Defendant Gregory Mallet (hereinafter "Mallet") was a law enforcement officer employed by Miami-Dade Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

12. At all times material hereto, Defendant Jorge Prince Jr. (hereinafter "Prince") was a law enforcement officer employed by Miami-Dade Police Department and was a "person" subject to suit under 42 U.S.C. § 1983.

## 1.3. Background Facts

13. On August 4, 2017, Plaintiff, Palmer Williams III, was in his girlfriend's parked car on SW 224 St. in front of a residence.

14. Defendants Mallet and Prince were a part of a special precrime task force doing proactive policing in the same area as Plaintiff.

15. Plaintiff was sitting in his girlfriend's car outside her residence late at night eating chicken.

16. Defendants saw a black male in a car and decided he must be committing a criminal act.

17. Defendants pulled their vehicle and leapt out of it, pouncing on Plaintiff before they even identified themselves.

18. Defendants failed to have their body cams active per policy of their department.

19. Defendants have a known history in their department of violence toward others.

20. Defendants ripped Plaintiff out of his vehicle.

21. Defendant Prince tripped Plaintiff causing him to fall face down.

22. Defendants then proceeded to punch Plaintiff repeatedly in the face with spiked gloves and kicked him in the face.

23. They beat him in the face so severely his eye was ruptured and he is now permanently blind.

24. Defendants finally stopped punching Plaintiff after handcuffing him.

25. After the arrest, Defendants turned on their body worn cameras ("BWCs").

26. Defendants violated Miami-Dade Police Department's policies on BWCs.

27. Plaintiff was transported to Jackson South Hospital for medical treatment of his injuries.

28. Medical examination of Plaintiff revealed that he had trauma to his right eye that caused ocular laceration, hyphemia, and a ruptured globe. Plaintiff's right eye was sewn shut causing him to permanently lose vision in that eye.

29. Defendants beat Plaintiff so severely they knew they needed to manufacture criminal charges against Plaintiff.

30. Defendants manufactured the charges of resisting arrest with battery to officer, possession of cocaine, and depriving an officer of his means of communication.

31. All of the charges were disposed of by the State Attorney prior to an information even being filed.

32. Since this attack, Plaintiff has sought counseling for and been diagnosed with PTSD related to this assault by Defendants Mallet and Prince.

33. Plaintiff still has pain around his eye that was kicked by Defendants Mallet and Prince.

34. Plaintiff's left eye is under so much strain due to the loss of vision in his right eye that he has been prescribed glasses for his near and far vision.

35. Plaintiff continues to suffer daily pain and injuries from the loss of vision in his eye, including suffering falls and other injuries directly attributed to the fact he cannot see.

## 2. Claims

### 2.1.  Individual Capacity Claims under 42 U.S.C. § 1983

### Count 1 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Gregory Mallet

36. Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

37. At all times material hereto, Defendant was acting under color of state or local law.

38. At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

39. Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

40. No force at all was authorized or necessary to be used against Plaintiff.

41. Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

42. Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

43. By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

44. As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of

criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

### Count 2 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Excessive Force by Defendant Jorge Prince Jr.

45. Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

46. At all times material hereto, Defendant was acting under color of state or local law.

47. At all times material hereto, Defendant had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

48. Defendant did deliberately and intentionally use force against Plaintiff that resulted in both temporary and permanent physical and mental injuries.

49. No force at all was authorized or necessary to be used against Plaintiff.

50. Plaintiff posed no threat to the safety of Defendant and did not threaten Defendant in any manner.

51. Defendant's acts were unreasonable and constitute excessive force against Plaintiff and under these circumstances, were clearly unconstitutional.

52. By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

53. As a direct and proximate result of Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

### Count 3 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Failure to Intervene by Defendant Gregory Mallet

54. Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

55. At all times material hereto, Defendant was acting under color of state or local law.

56. To the extent Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

57. Defendant witnessed the violations taking place.

58. Defendant had the means and opportunity to intervene to stop the violations from taking place.

59. Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

60. Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

61. As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

### Count 4 – Violation of 42 U.S.C. § 1983 – 4th Amendment – Failure to Intervene by Defendant Jorge Prince Jr.

62. Plaintiff re-alleges and re-incorporates the Common Allegations of Fact as if fully alleged herein.

63. At all times material hereto, Defendant was acting under color of state or local law.

64. To the extent, Defendant did not personally commit the constitutional violations alleged against the other Defendants, he was present at the time the violations were taking place.

65. Defendant witnessed the violations taking place.

66. Defendant had the means and opportunity to intervene to stop the violations from taking place.

67. Defendant did not take steps to stop the other Defendants from committing the constitutional violations.

68. Defendant's failure to intervene establishes that Defendant is directly liable for the constitutional violations which he allowed Plaintiff to suffer.

69. As a direct and proximate result of Defendant's failure to intervene, Plaintiff has and will continue to suffer injuries and damages, including but not limited to, temporary and permanent physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

## 3. Relief

### 3.1. Relief for Federal Claims

Plaintiff seeks the following relief for each claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

    A. Judgment for compensatory damages against Defendants;

    B. Judgment for punitive damages against Defendants;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses and prejudgment interest on attorney's fees for delay in payment;

E. Judgment for damages for physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function;

F. A trial by jury on all issues so triable; and

G. Such other and further relief as this Court may deem just, proper, and appropriate.

[11]

Submitted on June 17, 2021.

/s/J. Alistair McKenzie
J. Alistair McKenzie, Esq.
Florida Bar Number: 91849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, FL  32503-3931
Telephone:  (850) 432-2856
Facsimile:  (850) 202-2012
Email: amckenzie@mckenzielawfirm.com
Attorneys for Plaintiff
